# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAY HELVESTON,<br><br>               Petitioner,<br>    vs.<br><br>JOSEPH SCHMIDT,<br><br>               Respondent. | 3:13-cv-00045-RRB -JDR<br><br>**<u>ORDER GRANTING MOTION TO STAY AND ABEY FEDERAL HABEAS PETITION</u>**<br><br>(Docket No. 12) |

## I. Introduction

On May 2, 2013, Petitioner Ray Helveston (Helveston) filed a motion to stay and abey his mixed federal habeas petition. Docket 12. Before Respondent Joseph Schmidt (Schmidt) had an opportunity to respond to the motion to stay, the magistrate judge granted the motion. Docket 14. As a result, Schmidt filed a motion for reconsideration of the order granting the motion to stay and abey at Docket 15, as well as a response in opposition to the motion to stay and abey at Docket 16. The magistrate judge subsequently granted the motion for reconsideration at Docket 17. The Motion to Stay and Abey at Docket 12 is **HEREBY GRANTED**. However, if the petitioner fails to file his second application for post-conviction relief within the next

thirty (30) days from the issuance of this order, the State may seek review of this order in this federal court.

## II. Relevant Procedural History

Helveston was convicted in case 3AN-07-9920 CR for first-degree burglary and second-degree theft. Docket 16-1. Helveston was sentenced to a composite sentence of eleven (11) years on December 17, 2008. In January, 2009, Helveston timely appealed his case. Halveston claimed that he received ineffective assistance of counsel at trial and that the trial judge denied him the right to present a defense. The Alaska Court of Appeals denied his merit appeal on March 17, 2010.

On April 1, 2010, Helveston filed a petition for hearing with the Alaska Supreme Court. Docket 16-2. Helveston again argued that he received ineffective assistance at trial and that the trial judge denied him the right to present a defense. The Alaska Supreme Court denied his petition on May 17, 2010. *Id.*

Prior to both the Alaska Court of Appeal's denial of Helveston's merit appeal and the Alaska Supreme Court's denial of his petition, he filed his first petition for post-conviction relief (PCR) on July 21, 2009. Docket 1 at 7. Helveston claimed that his attorney provided him with ineffective assistance at trial. The Superior Court denied his PCR and he timely appealed. The Alaska Court of Appeals later denied

his PCR on July 24, 2013. *Id.* Helveston indicates he intends to file a *Grinols* claim.[1] He has not yet done so.

On February 28, 2013, Helveston filed *pro se* for federal habeas relief. Helveston raised two claims in his federal habeas petition. Docket 1. First, that he received ineffective assistance of counsel at trial in violation of the Sixth Amendment to the United States Constitution. *Id.* at 4 Second, that the trial court denied him the right to present a defense in light of the manner in which he was permitted to cross-examine a State witness and attack his credibility. *Id.* at 8. The second claim is exhausted because both the Alaska Court of Appeals and the Alaska Supreme Court were given the opportunity to rule on the issue . However, Helveston's claim that he received ineffective assistance of counsel is not exhausted because he has not filed a second application for post-conviction relief in which he will allege that trial counsel failed to adequately investigate critical witnesses to impeach a state witness at trial. Docket 13 at 3. Therefore, Helveston's federal habeas petition is mixed in that it contains both an exhausted and an unexhausted claim.

### III. Analysis

At issue is whether this court should stay and abey Helveston's mixed federal habeas petition so that he may exhaust his ineffective assistance of counsel claim. Such a claim is commonly referred to as a *Grinols* claim in State court.

---

[1] *Grinols v. State*, 10 P.3d 600 (Alaska Ct. App. 2000).

28 U.S.C. § 2254(b) states, "An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state..." However, the Section 2254(i) clearly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Under Alaska law, a criminal defendant has a constitutional right to competent counsel in a post-appeal proceeding. *Grinols*, 10 P.3d at 618. A defendant is entitled to relief if a defendant can later prove that his/her first PCR attorney's performance was not competent. *Id.* In doing so, a defendant must demonstrate in his second application for post-conviction relief that the initial post-appeal proceedings were unfair or unlawful and that the defendant suffered prejudice. *Id.* In discussing a defendant's second application for post-conviction relief, the Alaska Court of Appeals wrote:

> We emphasize, however, that the ultimate question in post-conviction relief litigation is not whether the defendant's post-conviction relief attorney was incompetent. Rather, the question is whether the trial court proceeding that resulted in the defendant's conviction and sentence were fair and lawful. The incompetence of post-

> conviction relief counsel, is not, by itself a ground for granting post conviction relief.

*Id.* at 618. When a defendant challenges the competence of the attorney that represented him during his or her first PCR, the defendant must prove four things: 1) The defendant must establish their own due diligence in raising the claim of ineffective representation; 2) the defendant must establish the incompetence of their prior post-conviction relief attorney; 3) the defendant must establish that the omitted legal issue is meritorious; and 4) the defendant must establish that if the issue is resolved in the defendant's favor, there is a reasonable possibility that the outcome of the defendant's original trial court proceeding would have been different. *Id.* at 619-20. However, while Alaska law provides a criminal defendant review of his attorney's effectiveness in a first post-conviction action, section 2254(i) precludes review in federal court. *See Arnett v. Pugh*, 2005 WL 936977, at *5 ("[T]here is no federal constitutional right to counsel in connection with a second or successive petition for post-appeal relief from a judgment in a criminal case . . .").

This court has the power to stay a defendant's mixed federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A court may stay and abey a "mixed [federal habeas] petition if the petitioner had good cause for his failure to exhaust [all claims], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.*

In the present situation, Helveston argues that he has diligently pursued his appellate and post-conviction claims. He asserts that he has not engaged in any dilatory tactics because he is merely seeking state appellate review of his post conviction relief claims. The magistrate judge agrees as long as Helveston continues timely to pursue his *Grinols* claim.

Helveston has diligently pursued his claims in State court thus far. He timely appealed his conviction to the Alaska Court of Appeals and the Alaska Supreme Court. Furthermore, while his merit appeal was pending, Helveston filed an application for post-conviction relief.

In determining whether Helveston engaged in any dilatory tactics, it is important to note how much of the one-year statute of limitations has run against him in terms of filing for federal habeas relief. Helveston was convicted on December 17, 2008. He then timely appealed his case to the Alaska Court of Appeals on January, 2009. The Alaska Court of Appeals affirmed Helveston's conviction on March 17, 2010. He then filed a petition for hearing with the Alaska Supreme Court on April 1, 2010, which the Alaska Supreme Court denied on May 17, 2010. Normally, the one-year statute of limitations imposed by § 2244(d)(1) would start to run ninety (90) days after the defendant's conviction becomes final. However, the clock did not start running against Helveston because he filed his first application for post-conviction relief on July 21, 2009. Prior to the ninety days, the one-year statute of limitations period is tolled during the period "which a properly filed application for State-post

conviction or other collateral review with respect to the judgment or claim is pending" under §2244(d)(2). The Alaska Court of Appeals denied his first PCR on July 24, 2013. The one-year limitation period for Helveston's federal habeas petition started to run on July 24, 2013. The habeas petition was filed on February 28, 2013. Therefore, seventy-eight (78) days have passed since the Alaska Court of Appeals denied his first PCR.

Given the nature of post-conviction relief proceeding in state court, Helveston is unable to determine when his *Grinols* claim will be completed. Even though Helveston has not yet filed his *Grinols* claim, it is unlikely that it will be completed within the one-year limitations period. This would likely be the case had Helveston already filed his *Grinols* claim. One option available to Helveston would be to drop his ineffective assistance claim and proceed in federal court on his confrontation claim. This option may be advantageous since § 2254(i) specifically forbids a petitioner from challenging the ineffectiveness or incompetence of counsel during state post-conviction proceeding. However, should Helveston elect to proceed in state court, the magistrate judge finds that ordering a stay is necessary to prevent him from potentially losing an arguably meritorious claim in federal court.

Helveston's post-conviction relief claims are potentially meritorious, as required by *Rhines.* While § 2254(i) forbids federal courts from considering the ineffectiveness or incompetence of counsel during state post-conviction relief proceedings, evidence adduced during those proceedings that is relevant to

Helveston's claim of ineffective assistance of trial counsel should be allowed to proceed. After all, the real question to be addressed during a second application for post-conviction relief is whether the trial court proceeding that resulted in the defendant's conviction and sentence were fair and lawful. *Grinols*, 10 P.3d at 618.

The exhaustion doctrine favors such an outcome. Helveston correctly points out that "[b]y allowing the state court the opportunity to correct state court errors, federal courts minimize their intrusion into and disruption of state court proceedings. Docket 13 at 4 (*citing Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999)). The magistrate judge is cognizable of the fact that the State court could grant Helveston relief on his *Grinols* claim, which would effectively moot the need for further federal proceedings.

//

//

//

//

//

## IV. Conclusion

The Motion to Stay and Abey Helveston's Federal Habeas Petition at Docket 12 is **HEREBY GRANTED**. This court has the authority to stay and abey Helveston's federal habeas petition under *Rhines*. Helveston has demonstrated good cause for his failure to exhaust. His unexhausted claim is potentially meritorious, and there is no indication that the petitioner has engaged in intentionally dilatory tactics. As such, Helveston shall have thirty (30) days from the issuance of this order to file his *Grinols* claim. The State may motion the court to reconsider this order in the event that Helveston fails to file his *Grinols* claim in State court as stated above. Helveston is also responsible for filing status reports with the court every six (6) months. Upon completion of his *Grinols* claim, Helveston will have thirty (30) days to amend his federal habeas petition and proceed in this federal court action. It is so ordered.

DATED this   10   day of October, 2013, at Anchorage, Alaska.

   /s/ John D. Roberts   
JOHN D. ROBERTS
United States Magistrate Judge